# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

### BROWNSVILLE DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

APR 2 8 2026

NATHAN OCHSNER
CLERK OF COURT

| | | |
|---|---|---|
| **BHAGWAN RAMCHAND SAMTANI** | § | |
| **AKA  KUSH SAMTANI** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.** B-26-472 |
| | § | |
| **CITY OF SOUTH PADRE ISLAND,** | § | |
| **SOUTH PADRE ISLAND POLICE** | § | |
| **DEPARTMENT, MARIO GAUCIN, JR.** | § | |
| **in his Individual and Official capacity,** | § | |
| **Defendants** | § | |

## ORIGINAL COMPLAINT UNDER 42 USC § 1983

**NOW COMES,** Plaintiff, Bhagwan Ramchand Samtani, AKA Kush Samtani, hereinafter referred to as **Plaintiff Kush Samtani**, in the above styled and numbered cause, and files this, His Original Complaint, seeking relief from all of the Defendants stated in the caption above.

### I

1

## PARTIES TO KUSH SAMTANI'S ORIGINAL COMPLAINT WITH SPECIAL UNDERSTANDING TO THIS COURT

ALL Defendants—City of South Padre Island, City of South Padre Island Police Department and Sgt. Mario Gaucin Jr (in his individual and official capacity) can be served at the same address, which is 4601 Padre Blvd, South Padre Island, TX 78597. Also, with a special understanding to this court, mentioning it in advance, that the above-mentioned Defendants are now in hiding from Plaintiff Kush Samtani (because they committed serious crimes against him, torturing him, injuring him and extorting $420.00 in cash money from him), and, just in case they try to ditch service of process, **which Plaintiff anticipates they will** because they behaved and acted in a manner like criminals and bullies, acting in a manner outside the course and scope of their employment, Plaintiff Kush Samtani will then request this Court to effectuate service of process with the United States Marshals Office if they remain in hiding.

Plaintiff Kush Samtani will first comply with Rule 4 of the Federal Rules of Civil Procedure, but he anticipates that the Defendants will hide from service of process or lock up their building to ditch service of process.

## II

## JURISDICTION AND VENUE

This incident took place inside Plaintiff Kush Samtani's investment property in South Padre Island, Texas. It was inside Sunchase IV two-story remarkably beautiful condominium.

However, the Plaintiff resides in Laredo, Texas, but will file this Original Complaint in Brownsville, Texas. The incident took place in South Padre Island, Cameron, County, Texas.

### III

### TIME LINE OF EVENTS FROM MARCH 26TH, 2026 TO MARCH 27TH, 2026

On the evening of March 26th, 2026 at approximately 10:40pm, Plaintiff, Kush Samtani, had 3 guests over for drinks. During that gathering, one of the guests went to the bathroom, and she took a long while, so the Plaintiff got kind of suspicious and went to check on that particular guest, and she was not in the bathroom. Plaintiff saw her coming out of one of the bedrooms holding her handbag. Plaintiff then noticed that his wallet was on top of his dresser, and he opened his wallet only to discover that all of his cash ($3400.00) was taken out, so, at that particular time, he grabbed that particular guest's handbag only to discover that his cash was inside her handbag.

At that instance, he opened his front door (entrance to his property), placed her handbag outside his door (in the hallway) and told her to please leave. Before that particular guest went to retrieve her handbag from the hallway, she attempted another robbery by trying to pull Plaintiff's 14kt gold chain (weighing 68 grams worth $13,600.00) off the Plaintiff's neck and, during that process, she scratched the Plaintiff's neck. Finally, Plaintiff Kush Samtani was able to close and lock the door on that particular guest only.

3

After being locked outside, that particular female guest got very belligerent and vociferous. She didn't succeed in tying to steal the cash, and she was unable to yank the $13,600.00 gold chain off the Plaintiff's neck. In fact, she started to bang on the door very hard, using profanities in Spanish, where the benign neighbors had justification to call 911. Several units of the South Padre Island Police Department arrived at approximately 1:00am on March 27, 2026.

At that particular time, Defendant Mario Gaucin Jr, who is a Hispanic, Mexican Sergeant police officer, arrived in the hallway of the Sunchase IV Condominium. Defendant Gaucin Jr was giving orders to all the other police officers that arrived at the scene too. He was like everyone's boss. In total, according to Plaintiff Samtani, there were around four police units and eight SPI police officers at the scene. Defendant Mario Gaucin Jr decided to arrest that particular woman **ONLY** for assault **instead of attempted robbery twice FELONY 2 and Disorderly Conduct,** so she was taken into custody (on a lesser charge) by one of at least 4 police units that were outside the Sunchase IV condominium, and after that, Defendant Mario Gaucin Jr, forcibly entered inside the property of Plaintiff Kush Samtani and started to knock at bedroom doors and talking to other guests without permission or a warrant. He even opened a drawer by the front door entrance without permission (in violation of the Fourth Amendment). The entering and searching was in total violation of the Fourth Amendment of the United States Constitution.

Defendant Gaucin Jr ignored Plaintiff Kush Samtani report on the attempted robbery/theft charge, protecting the Hispanic/Mexican woman for discriminatory reasons; also, that woman is the same race like him. Defendant Gaucin Jr maliciously made up false charges against Plaintiff Kush Samtani. Plaintiff Kush Samtani is an Indian-American, an Indian descent United States

4

Citizen. Defendant Gaucin Jr allowed the woman to get away with two Felony 2 charges and one Disorderly charge.

Finally, to top of Defendant Gaucin's stupidity, incompetence and criminal behavior, he decided to arrest Plaintiff Kush Samtani on false charges of assault without any justification or evidence, using bullying tactics that led to false arrest, malicious prosecution, and eventual extortion of $420.00 of cash money without a scintillating piece of evidence that Plaintiff Kush Samtani committed a crime. There was no assault of the female guest to Kush Samtani, and there was no assault of Kush Samtani to the female guest. It was just fake charges fraudulently made up by Defendant Gaucin. Nobody assaulted anybody period. Plaintiff Kush Samtani did have scratch on his neck when the female guest tried to steal his heavy 14kt gold chain off his neck. The chain is worth $13,600.00.

Several SPI Officers came to the hallway in front of Plaintiff Kush Samtani's door entrance, and one of them used Excessive Force by twisting both his arms and placing handcuff on the Plaintiff Kush Samtani very tightly. Plaintiff told them to loosen his cuffs because it was affecting his blood pressure, and they did not. This was a violation of the Eight Amendment of the U.S. Constitution. The pain was excruciating on his arms and wrists, and, at the same time, he had very high blood pressure because of this false arrest, shock and humiliation. Because of his very delicate medical condition, he had difficulty breathing and was suffering from shortness of breath.

Plaintiff Kush Samtani was wrongfully detained between the police unit and tank (abandoned building) for over 10 hours. Plaintiff Kush Samtani was then taken to an abandoned police building with very tiny tanks that felt like a refrigerator. It was all concrete. No food, medicine or water was given to him during his 10-hour stay there. Nothing was offered to him at all! Officers removed his socks and threw him in a 60-degree concrete tank for 10 hours. There was no mattress in his tank or in any tanks there. The call button there does not work, and nobody was in the building. He was locked up in an Abandoned Building with no guards, food, kitchen, medicine and water. He had no access to his mandatory blood pressure medicine that he has to take with food and water, which is in violation of his Eight Amendment Rights to the United States Constitution. He could have died while being incarcerated in an illegal place---an ice-box tank.

Plaintiff Kush Samtani has very critical health issues, regarding his heart and very high blood pressure like 206 over 102. Plaintiff Kush Samtani has been taking blood pressure medicine every single day since 2014. Plaintiff Kush Samtani's blood pressure medication is a life and death situation and issue. Plaintiff has to take his medication and eat everyday. He also needs water and not a drop of water was provided to him by the South Padre Island Police Department. While Plaintiff was in his freezing tank under the custody of the Defendant City of South Padre Island, Defendant City of South Padre Island Police Department, and Sergeant Defendant Mario Gaucin Jr, Plaintiff Kush Samtani was facing death. He was banging on the glass repeatedly because the intercom doesn't work. Nobody was inside the building. The SPI Officers threw him inside an abandoned building then left him there alone and unchecked. After locking up Plaintiff Kush Samtani in an illegal cell, SPI Officers left immediately to probably go eat and

enjoy and to commit other crimes and extort monies from other tourists for their personal gain and greed. On YouTube Videos, tourists depict them as Bullies. Their respective behavior and crimes against humanity are outside the course and scope of their employment. Their behavior is criminal. Plaintiff Kush Samtani plans to depose SPI Police Officers and find out about tourists' false arrest, extortion of cash monies and malicious prosecution.

Plaintiff Kush Samtani, while in the very tiny police tank alone, was having tightening of his chest, difficulty breathing because he had absolutely no food or water for the previous 16 hours; also, Plaintiff did not take his prescribed blood pressure medication, which was left behind at his property. Plaintiff Kush Samtani didn't think that he was going to survive because the call button never worked. Also, 10 hours in a tank alone and unchecked and barefooted in an ice-cold temperature is not only a violation of state law (Texas Commission of Jail Standards), it's a violation of the Eight Amendment of the United States Constitution.

Plaintiff Kush Samtani viewed in many YouTube videos SPI police officers violating many tourists' constitutional rights. The many videos viewed refer to SPI Police as "Bullies." All of the Defendants stated in the caption have a game plan to commit robberies (by means of false arrest, false pretenses, extortion of cash monies and malicious prosecution) from tourists by using bullying tactics, torture and extortion, and if you take a video of them bullying you or the building where they work, they will put handcuffs on you immediately, and if you ever use your First Amendment Rights in SPI (to video the police), they will ignore your rights and arrest you on the spot because they are **BULLIES.** Their main objective is to **extort** as much

7

cash money they can from tourists that visit the City of South Padre Island for their personal gain and greed.

Defendants are taking advantage of many good people from all over the United States. They'll violate your **First, Fourth, and Eight Amendments Rights** to the United States Constitution, and they will even use excessive force and torturing techniques like throwing you inside their icebox tank barefooted with no water and food for at least 10 hours to punish you before robbing you by means of their criminal game plan. Plaintiff Kush Samtani's type of pain and suffering is very cruel and unusual punishment (with no food, medicine and water in an abandoned building for 10 fu_king hours). These types of torturing techniques are only done by **Dictators** in Iran, Russia, North Korea, China and other communist countries. The button inside the ice-box tank doesn't work, and you can't see outside the tank.

On the afternoon of March 27, 2027, Plaintiff was finally released by one of the municipal judges of SPI. He released Plaintiff Kush Samtani after extorting $420.00 from him in CASH MONEY! This particular judge is part of their conspiracy and criminal game plan to rob cash money from the American Tourists for their personal gain and greed.

According to the Texas Government Code Chapter 30, explicitly states that a person cannot serve as a municipal court judge if they are employed by the same municipality. One of the SPI Judges holds two titles---a judge and a City Attorney (maybe a prosecutor too). Obviously the City of South Padre Island is running on funds and income earned by fraud, extortion and

corruption. Corrupted Official are wimps because they lack conscience and integrity, and wimps like them lack intellectual stimulation because they only know how to steal from American Tourists, and it was very obvious that they acted and behaved in a manner outside the scope and course of their employment in regards to the false arrest, torture and malicious prosecution of Plaintiff Kush Samtani. They acted like criminals and with gross negligence, and the dirty cop (Hispanic Mexican Defendant Mario Gaucin Jr) obstructed justice intentionally with malicious and evil intent because he, the City Defendants and the SPI police lacked training and discipline.

Plaintiff Kush Samtani was in a place (ice-box tank) that was in violation of many, many laws—both Federal and State. It didn't meet the standards of the Texas Commission of Jail Standards. Also, it was a very, very cruel and unusual punishment that could have caused death (Attempted Murder by the Defendants). This is also a violation of the Eight Amendment of the United States Constitution. It's also a violation of your Human Rights. Plaintiff Kush Samtani is curious to know the immigration status of the Hispanic/Mexican Defendant Mario Gaucin Jr because he exhibits a behavior of a cop from Mexico by not charging a Hispanic/Mexican woman with two Felony 2 counts and one Disorderly Conduct. A Brilliant American Cop from NYPD will behave in a manner in accordance with Federal and State law, and a brilliant American Cop from NYPD will act in a course and scope and in a manner inside his or her employment instead of being crooked, racist and intentionally obstructing justice by means of corruption and discrimination under § 1983 42 USC. Defendant Gaucin Jr had evil and malicious intentions to obstruct justice. It caused injury and damages to Plaintiff Kush Samtani. Plaintiff Kush Samtani has a look and a demeanor of an American. Defendant Mario Gaucin Jr has a look and a demeanor of a Mexican,

9

more like a wetback, and this wetback called Customs and Border Protection Agents to check the immigration status of Plaintiff Kush Samtani **only.** The two CBP Agents did not question the immigration status of the Hispanic/Mexican woman who was arrested in a lot lesser charge (Misdemeanor Class C) by fellow wetback Hispanic-Mexican Defendant Mario Gaucin Jr. Defendant Mario Gaucin Jr intentionally obstructed justice and let his fellow wetback get off "scot-free." He allowed her to escape punishment and penalty. Defendant Gaucin Jr was a racist toward Plaintiff Kush Samtani (an Indian Descent), a United States Citizen.

Plaintiff Kush Samtani is a landlord of many tenants.  He has commercial properties and an Electronic store. A lot of banks do a background check for mortgages, investment properties, business loans and personal loans. A lot of banks run background checks in addition to credit reports.  Even if the charges are false, an arrest record might show up unless it's cleared or expunged.  The stupidity and corruption of this dirty cop (Plaintiff Mario Gaucin Jr) is going to cost Plaintiff Kush Samtani millions of dollars in damages. Plaintiff also suffered tremendously from bodily injuries from the ice-tank imprisonment for ten hours with no food, medicine and water instigated by a dirty cop, City of South Padre Island Police Department and the City of South Padre Island.

Tourists go to the beautiful City of South Padre Island to relieve themselves of stress. Unfortunately, many YouTube videos show false arrest and corruption by SPI cops that the tourists call **BULLIES.**

10

The most amazing and beautiful people go to South Padre Island from all across the United States without having an idea that they can be tortured by the South Padre Island Bullies Department.

All of the above-stated Defendants in the caption above need to be arrested by the FBI and prosecuted by the United States Attorney's Office in Houston, TX.

Indian Descent Kush Samtani needs to talk to Indian Descent Kash Patel (Director of the Federal Bureau of Investigation) to start a Criminal Investigation of the Entire City Government of South Padre Island.

Plaintiff Kush Samtani is a United States Citizen, and he is entitled to his rights under law and equity. He will not get bullied by a mob of criminals (from SPI), who do not have any respect for the Laws of the United States Constitution, and who do not understand that we live in a Civilized Country.

## IV

## 42 U.S.C.§1983—EXCESSIVE FORCE, VIOLATION OF CIVIL RIGHTS, VIOLATION OF U.S. CONSTITUTIONAL RIGHTS, FALSE IMPRISONMENT AND VIOLATION OF DUE PROCESS RIGHTS

Section 1983 The Civil Rights of 1871, now codified as 42 U.S.C.S. § 1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage,

11

of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." The state action requirement for standing under 42 U.S.C.S. §1983 has more commonly been referred to as "color of state law," from the statute itself.  Plaintiff is informed and believes, and thereupon alleges that in committing said acts and/or omissions, Defendants City of South Padre Island, City of South Padre Island Police Department and Mario Gaucin Jr were the agents and employees of each other Defendants and were acting within such agency and employment and that each Defendant was acting under color of state law.  42 U.S.C.S. §1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States.  As such, Plaintiff alleges that ALL the Defendants jointly and/or severally deprived Plaintiff of his Fourth Amendment rights and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment. The Fourth Amendment guarantees security from unreasonable search and seizure. It includes the expectation of privacy; the right to be free from arrests without probable cause to believe the arrested person committed a crime.  Accordingly, Plaintiff alleges that he was subjected to an unreasonable, had his expectation of privacy violated, was injured (twisting arms and applying handcuffs very tightly) without reasonable suspicion and/or probable cause, was subjected to physical and unreasonable force by twisting his arms and applying handcuffs very tightly. As previously stated, the Defendants grabbed his arms with excessive force, eventually he was gasping for air (while in their custody) after being hurt on both arms and wrist and Defendants

12

also viciously grabbed his arms then handcuffed both his wrists on the back of his body. Handcuffs were placed extremely tight by these bullies and criminal cops. Defendants' actions deprived Plaintiff of his civil rights by statute and by both the Texas and United States Constitutions.    Liability for the City of South Padre Island, South Padre Island Police Department, Defendant Mario Gaucin and all the SPI Officers involved established under §1983 because the excessive force of citizens, on unfounded notions that there might be some illegal activity, is a persistent, widespread practice of city employees -- namely South Padre Island Police Officers-- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official municipal policy. The City of South Padre Island has actual or constructive knowledge of this practice, custom, and/or policy or procedure and sufficiently numerous prior incidents of police officers using excessive force establishes custom and accession to that custom by the City's policy makers. The City of South Padre Island's unspoken policy to use excessive force on citizens is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision. In the alternative, the City of South Padre Island is liable under § 1983 for failure to adopt a policy precluding officers from assaulting, bullying and falsely arresting citizens in abandoned buildings because such failure to adopt such a policy is one of intentional choice. Moreover, the City of South Padre Island is liable for inadequate training of police officers under § 1983. Their failure to train amounts to deliberate indifference to the rights of the persons with whom the police come in contact. In particular, Plaintiff alleges that the training program in relation to the tasks the particular officers must perform is inadequate in the respect that the program fails to teach new police officers that's attacking and arresting citizens without any evidence of criminal activity violates citizens' constitutional rights. As such, the deficiency

in training actually caused the officers of City of South Padre Island to violate Plaintiff Kush Samtani's Constitutional Rights.

<u>V</u>

1. **§ 1983 - Qualified Good Faith Immunity**—Qualified good faith immunity stands for the proposition that even though the civil rights of a complainant may have been violated, if the officer engaged in the conduct in good faith there is no liability for that individual. The standard by which an officer's entitlement to good faith qualified immunity is objective not subjective. All of the Defendants' actions judged by such objective standard protects, "all but the plainly incompetent or those who knowingly violate the law." The determination of objective reasonableness must be based on a version of the facts most favorable to the Plaintiff. To the extent that credibility questions exist, a fact-finder continues to be necessary. In the instant case, Plaintiff alleges that all of the above-captioned Defendants are not entitled to claim "qualified good faith immunity." Importantly, all of the above-captioned Defendants never had a good faith conduct because all four of them acted in a manner demonstrating that they were plainly incompetent and knowingly violated Plaintiff's civil rights. When the facts are taken in the light most favorable to the Plaintiff, it is clear that Plaintiff did not assault any of his guests, then comes false arrest (with no evidence of assault), unlawful search, warranting the above-captioned Defendants to violate his civil rights. Any reason given by the four Defendants in total for their unlawful actions and/or omissions does not warrant the application of qualified good faith immunity because these four Defendants were never in danger nor were any persons other in the vicinity in danger of

14

Plaintiff Kush Samtani. Plaintiff Kush Samtani has asserted a violation of his constitutional right to be free from false imprisonment (without a scintillating evidence that a crime was committed), excessive force, unreasonable search and his right to privacy; these rights were clearly established at the time of arrest and eventually extortion of cash money from Plaintiff Kush Samtani. Moreover, the Defendants' actions were objectively unreasonable in the sense that these Defendants knew or reasonably should have known that the actions (excessive force and incarceration in a freezing tank of Plaintiff) taken within their authority or responsibility would violate the constitutional rights of the Plaintiff. All Defendants who acted under color of law and is liable.

## VI

## PLAINTIFFS' DAMAGES AGAINST ALL DEFENDANTS

As a result of the foregoing unlawful and wrongful acts of all of the Defendants, jointly and severally, and in Defendant Mario Gaucin's individual and official capacity, Plaintiff Kush Samtani has been caused to suffer general, actual and punitive damages which include but are not limited to the following: both physical and emotional injury, including but not limited to - - pain and suffering, devastating insomnia, stress and emotional and mental distress and shock, along with severe feelings of fear and trepidation (to this date) that someone armed and dangerous can be very vindictive and do the same thing again like bullies. Plaintiff Kush Samtani is also in fear that Defendant Mario Gaucin Jr and the two listed Defendants can retaliate against him because of the filing of this Civil Action.

15

Plaintiff Kush Samtani had very high expectations for South Padre Island after investing in a very expensive and beautiful investment property with majestic views. He taught that he was going to enjoy peace and tranquility in paradise, but instead it's governed by a mob of criminals (using torturing and bullying techniques) and extortionists with a team of dirty cops, corrupted municipal judges and a judge who is both a municipal judge and city attorney to help extort monies from United States Citizens. You can see videos of these Dirty Cops from SPI on YouTube Videos, violating rights of U.S. Citizens, simply arresting Citizens who record police activities. The fact is that if you don't give the Defendants money, they will torture you in a concrete tank barefooted with no food, medicine and water for many, many hours in an abandoned building.

Pursuant to the Civil Rights Attorney's Fees Award Ac, 42 U.S.C.S. §1988, a prevailing party in a §1983 case is entitled to recover its attorney's fees.   Hence, Plaintiff Kush Samtani further prays for all costs and attorney fees associated with bringing the present case to trial.

In addition, Plaintiff Kush Samtani prays for punitive damages.  Punitive damages are designed to punish and deter officials and police officers such as Defendant Mario Gaucin Jr, in his individual and official capacity, who has engaged in egregious wrongdoing and intentionally, discriminatorily and criminally obstructed justice. Punitive damages may be assessed under §1983 when the Defendants' conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.  While municipal defendants are absolutely immune from § 1983 awards of punitive damages, such damages may be awarded against a public employee or official in their individual and official capacity.  Therefore, Plaintiff Kush Samtani alleges and prays for punitive damages against the

16

Defendant Mario Gaucin Jr, as this particular individual Defendant actually knew that his conducts were unconstitutional, and/or was callously indifferent to its legality.

## VII

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Bhagwan Samtani respectfully prays that the Court immediately cite the Defendants to answer the Petition and that on final hearing, Plaintiff Bhagwan "Kush" Samtani have judgment against all the Defendants, jointly and severally, for $ 15,000,000.00 mentioned herein for actual damages, punitive damages, costs of court, attorney's fees, and prejudgment and post judgment interest on all amounts and, any other relief, specific or general, at law or in equity, to which this Plaintiff shall show himself justly entitled and for which he shall forever pray.

Respectfully submitted,

Bhagwan Ramchand Samtani

AKA  Kush Samtani

316 Convent Avenue

Laredo, TX 78040

Tel. (956) 251-5874

Email: specialelectronics@gmail.com